IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DANNY L. SMITH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **2:09-cv-02544-JFG-JEO** |
| **RICHARD ALLEN, WARDEN DAVID** ) | |
| **WISE, THE ALABAMA DEPARTMENT** ) | |
| **OF CORRECTIONS, and THE** ) | |
| **ATTORNEY GENERAL OF THE** ) | |
| **STATE OF ALABAMA,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This case involves a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by petitioner Danny L. Smith, challenging his convictions for incest, stalking and second-degree escape. (Doc. 1). After preliminary review, the magistrate judge assigned this case issued a report and recommendation on August 10, 2010, finding that the petition was due to be dismissed with prejudice as time-barred. (Doc. 11). That same day, the magistrate judge also denied the petitioner's motion to transfer the action to the Eastern Division of the Middle District of Alabama as moot. (Text Order of August 10, 2011). On August 23, 2011, the petitioner filed a "Motion to Dismiss the 28 § 2254 Petition with Objection to the Magistrates Report and Recommendation with Objection to the Court's Subject Matter Jurisdiction pursuant to 28 U.S.C.A. § 2241(a), (b)." (Doc. 12).

In his August 23, 2011, filing, the petitioner first requests that this court dismiss the action pursuant to FEDERAL RULE OF CIVIL PROCEDURE 41 because he has filed another petition

in the Middle District of Alabama. (*Id*. at 1, 8). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." At this stage of the litigation, the court finds dismissal of the action improper because the respondents have already received a report and recommendation in their favor and expended time and money in responding to the petition. *See McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986) ("[A] district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for is the defendant's position that the court should protect."). Accordingly, the petitioner's request for a dismissal is denied.

The petitioner also contends that "the magistrate's report and recommendation is premature as it first must rule on the proper Motion to transfer, *see* (Doc. 9), and the which [*sic*] proper jurisdiction can be resolved, thus petitioner states there has been no adjudication thus far by this honorable court ...." (Doc. 12 at 3). First, as stated above, this court previously denied the petitioner's motion to transfer as moot. (Text order of August 10, 2011). Second, this court has jurisdiction over this action because the petitioner was incarcerated in this district when he filed the petition. (*See* doc. 1 stating that the petitioner is confined at the St. Clair Correctional Facility in Springville, Alabama). Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, *the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him* and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(Emphasis added.) Although the government moved the petitioner to a facility outside this district after he filed the petition (doc. 10), this court retains its jurisdiction over the action

2

because jurisdiction attaches at the time the petition is filed. *See Jones v. Cunningham*, 371 U.S. 236, 243-44 (1963).

The petitioner also asserts that he never consented to the magistrate judge's authority over this action and that pursuant to FEDERAL RULE OF CIVIL PROCEDURE 73 "there must be a reference order signed by a U.S. District Judge." (Doc. 12 at 3-4). This contention is misguided because on December 15, 1983, the United States District Court Judges for the Northern District of Alabama ordered that several matters, including "[a]ll those matters under the heading 'Prisoner Petitions,'" are "referred to the full-time United States Magistrates without the necessity of a specific order of reference." Thus, a reference order for the petitioner's particular action was not needed. Further, petitioner is correct in his assertion that he did not consent to the *jurisdiction* of the magistrate judge, and for this reason the magistrate issued a report and recommendation to the undersigned as opposed to a memorandum opinion.

Lastly, the petitioner objects to the magistrate judge's alleged "dismissal of Claims—not yet presented to this court for review," such as legal and actual innocence and equitable tolling, and the magistrate judge's alleged amendment of his claims. (Doc. 12 at 4-5, 7). This objection is without merit as the report and recommendation properly considered the viability of exceptions to the time-bar on the petitioner's claims. Further, there is no merit to the petitioner's objection to the magistrate judge's determination that he failed to offer the requisite evidence of innocence because the evidence on which the petition relies was presented during this trial. *Compare* doc. 12 at 7 *with* doc. 10 at 6. In the final analysis, the court finds that no error in the magistrate judge's conclusion that the petition is time-barred.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the petitioner, the court is of

the opinion that the petitioner's motion to dismiss is due to be denied and the magistrate judge's report is due to be adopted and approved.  The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice.  An appropriate order will be entered.

**DONE and ORDERED 3 November 2011.**

_____
**UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.**